# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>KENNEDY IWUOHA,<br><br>   Defendant. | Case No. 2:09-cr-0162-RLH-GWF<br><br>**O R D E R**<br>(Motion Pursuant to §2255–#55) |

Before the Court is Defendant's **Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody** (#55, filed September 15, 2010). The Government's Opposition (#58) was filed September 10, 2010. No reply has been filed. The Motion will be denied as being totally without merit.

An example of the lack of merit in this motion is demonstrated by Ground Three : Ineffective Assistance of Counsel. His argument is that his attorney (whom he retained) did not represent him fully and that when he tried to replace him, the Court advised him that the case was almost concluded, and that there was a lot going on because of shooting at the courthouse where a veteran security officer was killed, so everything was in a rush.

The true facts are as follows: Iwuoha entered his plea on September 3, 2009, four months BEFORE the shooting. There was no rush. Defendant requested a new attorney at calendar call and complained that he disagreed with the loss calculation in the plea agreement. He was told that a substitution of counsel was not grounds for a continuance of trial and that the trial was

1

scheduled for the next Monday.  He was told he had the choice of entering a plea or going to trial.  It was agreed that the matter would be continued for a hearing on the loss issue, which satisfied Iwuoha because he insisted that he did not want to go to trial.

He was sentenced on December 7, 2009, nearly a month BEFORE the January 4, 2010, shooting of the Court Security Officer.

Defendant Iwuoha appealed his sentence which was summarily dismissed because he waived his rights to appeal in the plea agreement.  See Dkt #49.

In addition to the waiver of his right to appeal, Defendant Iwuoha also waived "his right to bring any collateral challenge, including any claims under 28 U.S.C. §2255, to his conviction(s), sentence(s) and the procedure by which the court adjudicated built and imposed sentence, except non-waivable claims of ineffective assistance of counsel."  (Dkt #31, page 5)
He filed his appeal in violation of that plea agreement.  He now violates it once again by bringing this §2255 motion.  The Motion is deniable on that ground.

There are four grounds to the Motion.  Ground 1 (the sophisticated means enhancement), Ground 2 (double jeopardy), and Ground 4 (the sentencing enhancement) do not even purport to raise claims based on ineffective assistance of counsel. (Dkt #55) Accordingly, these claims have been waived.  Moreover, Defendant has procedurally defaulted his right to bring these claims by not raising them on direct appeal.

> [A] prior opportunity for full and fair litigation is normally dispositive of a federal prisoner's habeas claim.  If the claim was raised and rejected on direct review, the habeas court will not readjudicate it absent countervailing equitable considerations; if the claim was not raised, it is procedurally defaulted and the habeas court will not adjudicate it absent countervailing equitable considerations (*e.g.*, actual innocence or cause and prejudice, *See United States v. Frady,* 456 U.S. 152 (1982)).

*Withrow v. Williams*, 507 U.S. 680, 720-721 (1993) (Scalia, J., concurring); *see also Bousley v. United States*, 523 U.S. 614, 621-22 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal. . . .  Where a defendant has procedurally defaulted a

claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is actually innocent.") *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) ("Section 225 . . . is not designed to provide criminal defendants multiple opportunities to challenge their sentence. If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." (citations omitted)).

Each of the grounds raised could have been raised on direct appeal, save for the third claim of ineffective assistance of counsel, had he actually stated such a claim. However, even his bare representation in that claim, that trial counsel did not represent him fully, does not provide any indication how counsel rendered ineffective assistance. He makes absolutely no claim, much less present evidence, that he is innocent or that there was any cause or prejudice. Accordingly, Claim 3 fails to state a viable claim of ineffective assistance of counsel.

Defendant has waived his right to bring the present motion, it is precluded because the claims are procedurally defaulted, and because he fails to state a valid and sufficient claim. Furthermore, his claims being merely conclusory and unsubstantiated, reasonable jurists would not find his claims debatable or that he has been denied a constitutional right.

IT IS THEREFORE ORDERED that Defendant Iwuoha's **Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody** (#55) is denied.

IT IS FURTHER ORDERED that no Certificate of Appeal will be issued by this Court.

Dated: December 6, 2010.

_____
Roger L. Hunt
Chief United States District Judge